## AFFIDAVIT OF APRIL L. HADDOCK

I, April L. Haddock, being duly sworn, do depose and state that:

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed since March, 2003. I am currently assigned to the Violent Crimes/Major Offenders Squad of the Boston Field Division of the FBI. Prior to joining the FBI I was a Forensic Evidence Technician for seven years for the Baltimore County, Maryland Police Department.

2. I am aware that Title 49, United States Code, Section 46504, makes it a crime for anyone on an aircraft in the special jurisdiction of the United States, to assault or intimate a flight crew member or flight attendant of the aircraft, thereby interfering with the performance or duties of the member or attendant or lessening his or her ability to perform those duties. I am further aware that the special air craft jurisdiction of the United States, as defined by Title 49 United States Code, Section 46501(2), applies to an aircraft outside the United States that has its next scheduled destination in the United States, if the aircraft next lands in the United States.

3. I submit this affidavit in support of a criminal complaint against ANGUS MACPHERSON (MacPherson), DOB 12/23/57, charging him with interference with flight attendants. The facts set forth herein are based both on my own personal knowledge and

1

on information related to me by other FBI Special Agents and the written statements obtained by Virgin Atlantic from passengers.

4.   On October 18, 2003, Virgin Atlantic flight number 11, departed Heathrow Airport in London, England, bound for Boston, MA.  The flight landed at Logan Airport in Boston, MA at approximately 5:00 p.m. on October 18, 2003.

5.   Based on my interviews with the aircraft flight crew, and reports I received from other FBI Special Agents of their interviews with flight crew, and written statements from passengers, it appears that MacPherson was a passenger seated in seat 4C, in the upper cabin, referred to as upper class, of a 747 aircraft.  He was traveling with his wife, who was seated next to him.

6.   Caragh Roseanne Spong, the In-Flight Supervisor of the flight, reported that approximately 45 minutes into the flight MacPherson went down to a bar on the lower level.  Within ten to twenty minutes MacPherson consumed four drinks.  These drinks were Jack Daniels and/or champagne and each Jack Daniels was a double measure.  Approximately 30 minutes after entering the bar MacPherson appeared intoxicated and was informed that he could not have any more alcohol.

7.   Verity Jayne Hudson, the Purser in charge of the upper class cabin reported that MacPherson fell off a bar stool in the lower level bar.  MacPherson got up and started walking to the

stairs. MacPherson grabbed Hudson around the neck while she was standing next to him. Spong was present at this time. MacPherson was told not to touch any flight crew members. MacPherson started to fall again. Hudson and Spong attempted to stop his fall. He threw their hands off of him. He said he didn't want their help. MacPherson returned to his seat in the upper cabin.

8. Pardeep Hannah Khurda, Junior Cabin Crew member, stationed in the upper deck, reported that she observed MacPherson coming back from the bar, obviously drunk. She, MacPherson and MacPherson's wife were standing in the aisle, trying to get him into his seat. In the aisle MacPherson grabbed Khurda's shoulder and neck, held on and hurt her. MacPherson resumed his seat. She later returned to MacPherson's seat when she observed him out of his seat, flailing his arms about. When she approached him he grabbed her arms 3-4 times to get her attention. She told him loudly to let go and not to touch her. She observed that she had a scratch on her right inside of her forearm. Thereafter she was relieved of her duties in the upper cabin. She went to the lower cabin and was replaced by another crew member.

9. Spong said that after MacPherson returned to his seat, he got back up out of his seat and was grabbing at the crew members, who advised him not to touch them. He was verbally

3

abusive to the crew members, told them to "fuck off," and threatened them. Approximately 45 minutes later the crew decided it needed to restrain MacPherson.

10. Jonathan Featham, Junior Flight Attendant, on the upper deck rear said that after MacPherson returned from the bar he observed MacPherson punching and kicking the seat in front of him. He said this behavior escalated and MacPherson was making noise loud enough to be heard in the rear of the cabin. Featham said MacPherson got out of his seat, came to the rear of the cabin and asked him to get him another drink. Featham refused MacPherson's request and MacPherson continued to ask for drinks. Five to six members of flight crew confronted MacPherson in the aisle, placed handcuffs on his hands and restraints on his legs and carried him to his seat and strapped him into his seat.

11. Hudson, the Purser in the upper cabin, reported that the flight crew made the decision to physically restrain MacPherson based on five factors:

    (1) MacPherson was swearing profanities at persons around him;

    (2) The passengers around him were upset and concerned for their physical safety;

    (3) He physically grabbed two crew members and one passenger;

    (4) He was kicking and punching the seat in front of

him, seat 3C; and

(5) He verbally assaulted his wife who was seated next to him.

12. Douglas McMenus, one of the flight crew who assisted in restraining MacPherson said MacPherson was verbally abusive after being restrained and said "Gonna fucking die." MacPherson did not calm down once he was in his seat.

13. Passenger David Roberts of Oxfordshire, England provided a written statement to Virgin Atlantic in which he stated he was seated across the aisle from MacPherson. He said he observed MacPherson grab the cabin crew by the arm, shoulder and put his arm around them. He said he observed MacPherson do this on four occasions and on each occasion he was told to let go, which he did.

14. Passenger Jim Skoren of Washington, New Hampshire gave Virgin Atlantic a written statement in which he reported the unruly behavior of a man seated in 4C. He said that when the flight attendants restrained the man his language was abusive. He said several passengers seated around the man were noticeably alarmed and uncomfortable. He said he had personal concern for his wife who was seated diagonally across the aisle from this man. He said the man's conduct was abusive, threatening and dangerous to himself and others. Two and one half hours into the flight he said the man was still trying to resist and escape from

his leg restraints.

15.  Based on the foregoing, I believe that probable cause exists to conclude that on October 18, 2003, ANGUS MACPHERSON, in the special aircraft jurisdiction of the United States, by assaulting and intimidating flight attendants of an aircraft, did interfere with the performance of the duties of the attendants and lessen their ability to perform their duties.

_____
APRIL L. HADDOCK
Special Agent
Federal Bureau of Investigation


Sworn and subscribed to before me this 20th day of October, 2003.

_____
JUDITH G. DEIN
United States Magistrate Judge