

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*filed in open court 1-7-04*

---

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 17, 2003

John Andrews, Esq.
Andrews & Kaufman, LLC
265 Essex Street
Salem, MA 01970

Re: <u>United States v. Angus MacPherson</u>
    Criminal No. ~~03-M-1141 JGD~~ 03 — 10360 PBS

Dear Mr. Andrews:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Angus MacPherson ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.  <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to a one-count Information charging him with simple assault within the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1) (a copy of the Information is appended hereto). Defendant expressly and unequivocally admits that he in fact committed the crime charged in Count One of the Information.

2.  <u>Penalties</u>

Defendant faces the following maximum penalties: a term of incarceration of up to six months, a fine of up to $5,000, a period of probation of up to five years, a period of supervised release of up to one year, and a special assessment of $10.

Defendant may also be deportable and/or excludable by the

United States Bureau of Immigration and Customs Enforcement as a consequence of his conviction of the offense to which he is pleading guilty.

3. <u>Sentencing Guidelines</u>

The parties agree to take the position that the offense of conviction is a Class B misdemeanor to which, pursuant to U.S.S.G. § 1B1.9, the United States Sentencing Guidelines do not apply.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a) a period of probation of two years;

    (b) a special condition of probation that Defendant participate in a program approved by the United States Probation Office for alcohol abuse, which program may include testing to determine whether Defendant has reverted to the use of alcohol;

    (c) a fine of $1,000;

    (d) a special assessment of $50.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the recommendations of the parties. In the event that the sentencing judge declines to follow the recommendations of the U.S.

Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's sentence in any subsequent appeal or collateral challenge.

7.  **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charge specified in paragraph one of this Agreement.

8.  **Rejection of Plea By Court**

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9.  **Breach of Agreement**

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10. **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the

District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11.  Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney James Lang.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

JAMES LANG
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Angus MacPherson
Defendant

Date:_____

I certify that Angus MacPherson has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
John Andrews, Esq.
Attorney for Defendant

Date:_____

```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA   )
                           )   CRIMINAL NO.
          v.               )   VIOLATION:
                           )   18 U.S.C. § 113(a)(5)
ANGUS MACPHERSON           )     Simple Assault Within Special
                           )     Aircraft Jurisdiction of
                           )     United States

### INFORMATION

COUNT ONE:    (18 U.S.C. § 113(a)(5) -- Simple Assault Within
              Special Aircraft Jurisdiction of United States)

The United States Attorney charges that:

On or about October 18, 2003, on board Virgin Atlantic Flight 11 en-route from London, England to Boston, Massachusetts, which flight landed at East Boston, Massachusetts, in the District of Massachusetts,

                    ANGUS MACPHERSON

defendant herein, did commit a simple assault upon Pardeep Hannah Khurda, a flight crew member of Virgin Atlantic Flight 11.

All in violation of Title 18, United States Code, Section 113(a)(5) and Title 49, United States Code, Section 46506(1).

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:
                              _____
                              JAMES F. LANG
                              Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Angus MacPherson
Defendant

Date: 1/7/04

I certify that Angus MacPherson has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
John Andrews, Esq.
Attorney for Defendant

Date: 1/7/04

5